**UNITED STATES COURT OF APPEALS**

**May 9, 2014**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 13-2103 |
| | (D.C. No. 1:95-CR-00635-WJ-1) |
| MEREDITH YAZZIE, | (D.N.M.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

In 1996, Meredith Yazzie pled guilty to felony assault committed within Indian

country in violation of 18 U.S.C. § 1153 (offenses committed within Indian country) and

18 U.S.C. § 113(a)(6) (assault resulting in serious bodily injury), and was sentenced in

1997 to 27 months in prison to be followed by three years of supervised release.  Mr.

Yazzie appeals his 32-month prison sentence imposed last year for his third supervised

---

[*]Although this appeal was scheduled originally for oral argument, it was submitted on the briefs via our order dated May 7, 2014. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release revocation. Because the sentence exceeds the statutory maximum, we reverse and remand for resentencing.

After serving his 27-month sentence in prison for the assault and being placed on supervised release, Mr. Yazzie repeatedly violated his release conditions, twice causing the district court to revoke and re-impose Mr. Yazzie's supervised release. On April 25, 2013, the district court revoked Mr. Yazzie's supervised release for the third time and imposed a prison sentence, from which Mr. Yazzie appeals.

18 U.S.C. § 3559 classifies offenses for sentencing purposes. "An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years, as a Class C felony." *Id.* § 3559(a)(3). Because § 113(a)(6) "authorizes imprisonment for not more than ten years," it is a Class C felony. *Id.* § 113(a)(6); *see United States v. Tsosie*, 376 F.3d 1210, 1212 (10th Cir. 2004) (classifying a violation of § 113(a)(6) as a Class C felony).

18 U.S.C. § 3583(e)(3) addresses sentencing for supervised release violations. It allows a district court to "require the defendant to serve in prison all or part of the term of the supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ." *Id.* Because Mr. Yazzie's underlying conviction was for a Class C felony, the authorized term of supervised release was for "not more than three years." *Id.* § 3583(b)(2). Section 3583(e)(3) also says that a prison sentence for violating supervised release cannot be "more than 2 years in prison if such [underlying] offense is a class C or D felony." *Id.*

When the district court sentenced Mr. Yazzie for his third supervised release violation, it varied upward from a Guidelines range of 3 to 9 months to impose a prison sentence of 32 months—36 months (3 years) minus 4 months for time served. The court relied on the Probation Office Violation Report, which said the statutory maximum sentence is three years when it should have said two.

The parties did not raise this issue before the district court or in their initial briefing on appeal. We requested supplemental briefing from the parties to address (1) whether Mr. Yazzie's sentence exceeded the two-year statutory maximum for a Class C felony, and if so, (2) how the court should address this matter. Both Mr. Yazzie and the Government agree that the district court's sentence exceeds the statutory maximum and that we should remand to the district court for resentencing.[1]

For the foregoing reasons, we reverse Mr. Yazzie's sentence and remand to the district court with instructions to vacate his current sentence and to resentence him.[2]

---

[1] In his opening brief, Mr. Yazzie challenged the district court's jurisdiction to sentence him for his supervised release violation. Mr. Yazzie has now conceded jurisdiction in his supplemental brief. We agree and exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Mr. Yazzie argues we should also consider his challenge to the procedural reasonableness of his sentence. Because we remand for resentencing, we decline to do so.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge